IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr., ) | Case No. 0:23-cv-1113-RMG |
| ) | |
| Plaintiff, ) | **ORDER AND OPINION** |
| ) | |
| v. ) | |
| ) | |
| McCleod Health Cheraw, *et al.* ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 37) recommending that the Court dismiss Plaintiff's amended complaint without prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's amended complaint without prejudice and without issuance and service of process.

I.  **Background and Relevant Facts**

Plaintiff is currently an inmate at McCormick Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 alleging violations of his constitutional rights by Defendants. (Dkt. No. 37 at 1-2). Plaintiff seeks damages.

On July 20, 2023, the Magistrate Judge issued an R&R recommending the amended complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 37). Plaintiff did not file objections to the R&R.

-2-

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

### III.  Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed without prejudice and without service of process as it fails to state plausible claims for relief for the various reasons articulated in the R&R. (Dkt. No. 37 at 3-7).

Plaintiff is again put on notice that he has "struck out" under 28 U.S.C. § 1915(g) and the Court can no longer grant Plaintiff *in forma pauperis* status. Under the PLRA, a Court may not grant *in forma pauperis status* to a prisoner if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) ("three-strikes rule"). Regardless of whether dismissal is with or without prejudice, a "strike" is based on the dismissal basis alone. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727. There is an exception to the three-strikes rule for imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). To satisfy the imminent danger element, Plaintiff must have alleged facts that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception. *Johnson v. Warner*, 200 Fed. Appx. 270, 272 (4th Cir. 2006) (explaining that an imminent danger exception in § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct.").

Here, Plaintiff has had at least 4 prior cases dismissed for failure to state a claim. *Little v. Johnson*, 2023 U.S. Dist. LEXIS 135790, *4 (D.S.C. Aug. 3, 2023). With this action Plaintiff has 5 strikes and, per § 1915(g), the Court will no longer grant Plaintiff *in forma pauperis* status.

IV.  **Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 37) as the order of Court and **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**. Plaintiff is again formally notified that he has "struck out" under § 1915(g) and the Court can no longer grant him *in forma pauperis* status.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

August 15, 2023
Charleston, South Carolina

-4-